**Sharon Lea GRINTER,
Plaintiff–Appellant,**

**National Union Fire Insurance Company, Intervenor–Appellant,**

**v.**

**PETROLEUM OPERATION SUPPORT SERVICE, INC., Defendant–Appellee.**

No. 87–4338.

United States Court of Appeals,
Fifth Circuit.

June 9, 1988.

Theodore M. Haik, Jr., Haik, Minvielle & Comeaux, New Iberia, La., for Sharon Lea Grinter.

---

Christopher L. Zaunbreecher, Lafayette, La., for intervenor, Nat. Union Fire Ins.

William R. Seay, Jr., Laurence E. Larmann, Hailey, McNamara, Hall, Larmann & Paple, Metairie, La., Kathleen A. Manning, Henri Wolbrette, III, New Orleans, La., for defendant-appellee.

Before GARZA, REAVLEY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Appellant Sharon Lea Grinter appeals from a final judgment dismissing for lack of federal jurisdiction her suit against Petroleum Operation Support Service, Inc. (POSSI). We affirm in part, vacate in part, and remand.

## I.

In 1981, the United States Department of Energy (DOE) awarded defendant POSSI a contract to maintain and manage Strategic Petroleum Reserve (SPR) sites in Louisiana. POSSI is a Delaware corporation registered to do business in Louisiana. POSSI was formed to manage SPR sites for the DOE and the Department of Defense (DOD). It managed SPR sites for the DOE in Louisiana and for the DOD in various locations throughout the country.

POSSI subcontracted for security guards at the Weeks Island, Louisiana, SPR site, and the subcontractor employed Grinter as a security guard at that location. She alleges that she severely injured her back while on duty at the Weeks Island site. In her original complaint, she sued the DOE, POSSI and others. For her claim against the DOE, she alleged jurisdiction under the Federal Tort Claims Act (FTCA). Jurisdiction of her actions against the other defendants was grounded on diversity of citizenship.

POSSI's contract with the DOE required POSSI to maintain a Louisiana office for management of the DOE contracts. In 1983, POSSI moved its corporate office to Metairie, Louisiana, and made it responsible for the DOE contracts. The majority of POSSI's employees live and work in Louisiana. Most of POSSI's operations are conducted in Louisiana: POSSI's Louisiana DOE contracts total $225,000,000; its out-of-state DOD contracts total $6,000,000. The majority of all property, movable and immovable, leased or owned by POSSI is located in Louisiana.

When this suit was filed, a Houston-based conglomerate, Kaneb Services, Inc., owned 83% of the stock of POSSI. Executives in Kaneb's Houston office made many of POSSI's key decisions. Another Kaneb subsidiary in Houston, TLT Engineering, performed marketing functions for POSSI. Some accounting, payroll, and employee benefit services were performed in Houston. Staff counsel in Kaneb's Houston office provided legal services for POSSI.

Because Grinter failed to exhaust administrative remedies as required by the FTCA, the district court dismissed her suit against the DOE for lack of subject matter jurisdiction. After discovery and a hearing, the district court determined that POSSI is domiciled in Louisiana and therefore the court had no diversity jurisdiction. The court then held that it could not exercise pendent party jurisdiction over POSSI because, after the DOE was dismissed, no substantial federal question existed to which Grinter's state law claim could pend.

On appeal, Grinter asserts error in the district court's conclusions that: (1) POSSI is a Louisiana citizen; (2) the court lacked power to exercise pendent party jurisdiction over Grinter's state law claim against POSSI.

## II.

### A.

The district court determined that POSSI's principal place of business is in Louisiana and therefore it is considered a citizen of Louisiana. We will not disturb that determination unless it is clearly erroneous. *J.A. Olson Co. v. City of Winona,* 818 F.2d 401, 411 (5th Cir.1987). It is not.

This circuit applies a "total activity" test to determine the principal place of business of a corporation involved in multi-state activities. *J.A. Olson Co.*, 818 F.2d at 404; *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 315 (5th Cir.1980); *Village Fair Shopping Center v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir.1979). The total activity test requires the court to consider the location of both POSSI's "nerve center" and POSSI's "place of activities." *J.A. Olson Co.*, 818 F.2d at 404; *Toms*, 610 F.2d at 315. The district court must then balance all of the facts of the case to determine the corporation's principal place of business. *J.A. Olson Co.*, 818 F.2d at 409–10.

Although personnel in Kaneb's Houston office made some executive decisions, POSSI's employees based in its corporate headquarters in Metairie, Louisiana, had significant autonomy and made many of the company's managerial decisions. The autonomy of the Metairie office distinguishes this case from *Toms*. *See J.A. Olson Co.*, 818 F.2d at 412.

In applying the "place of activities" test, the district court determined that: the majority of POSSI's employees live and work in Louisiana; the majority of its property is in Louisiana; and the overwhelming majority of its operations are conducted in Louisiana. Each of these factors is significant in determining a corporation's place of activities. *Id.* at 411. When a corporation's physical operations are concentrated in one state, the place of operations is frequently determinative of the corporation's principal place of business. *See id.* at 409; 1 *Moore's Federal Practice* ¶ 0.77[3.–4].

In this case, the evidence fully supports the district court's finding that both the place of activity and nerve center tests weigh in favor of Louisiana. Thus, the district court's finding that Louisiana is POSSI's principal place of business is not clearly erroneous.

### B.

Grinter next argues that the district court erred when it concluded that the dismissal of her FTCA action deprived it of the *power* to hear her claim against POSSI.

A federal court has the power and thus the discretion to exercise pendent jurisdiction over state-law claims if (1) the face of the complaint reveals that the court has jurisdiction over a substantial federal question to which the state claim may pend, and (2) the state and federal claims derive from a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed. 2d 218 (1966); *Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1318 (5th Cir.1983); *see also* 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3567.1, at 114 (1984). A federal claim is substantial, *i.e.*, sufficient to confer subject matter jurisdiction on a federal court, unless it is "immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, at 682–83, 66 S.Ct. at 776. Whether the federal claim is substantial should ordinarily be decided on the basis of the plaintiff's complaint. *See, e.g., Hagans v. Lavine*, 415 U.S. 528, 538, 94 S.Ct. 1372, 1379–80, 39 L.Ed.2d 577 (1974); *Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Green v. Ferrell*, 664 F.2d 1292, 1294 (5th Cir.1982); 13B C. Wright, A. Miller & E. Cooper, *supra*, § 3564 (1984). Grinter's complaint on its face stated a nonfrivolous FTCA claim; her complaint therefore presented a substantial federal question. It is undisputed that Grinter's state and federal claims derive from a common nucleus of operative fact. The district court was therefore required to exercise its discretion and determine whether it should retain jurisdiction over the pendent state-law claim. Because the district court apparently concluded that it was required to dismiss the pendent claim, we vacate its dismissal and remand this case to the district court to exercise its discretion on whether it will retain jurisdiction of the state-law claim.

AFFIRMED in part.

VACATED in part and REMANDED.