Mary PATTERSON, et al.

v.

Dr. J.T. HAMRICK, et al.

Civ. A. No. 94–2957.

United States District Court,
E.D. Louisiana.

June 27, 1995.

---

Harry T. Widmann, Harry T. Widmann, Atty. at Law, Metairie, LA, for plaintiffs Mary Johnson Patterson, Willie Patterson.

Marshall G. Weaver, Henican, James & Cleveland, Metairie, LA, Philip Allen Spence, Orleans Parish Dist. Attys. Office, New Orleans, LA, for defendants J.T. Hamrick, M.D., St. Paul Fire and Marine Ins. Co.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is the motion of defendant Dr. J.T. Hamrick for reconsideration of the Court's previous order granting plaintiff's motion to remand this matter to state court. The motion for reconsideration was previously submitted without oral argument. Having reviewed the memoranda of the defendant,[1] the applicable law and the record, the Court DENIES the motion for reconsideration.

### Background

The facts of this matter were previously set forth in the Court's "Order and Reasons" granting the motion to remand. Thus, only a short factual recitation is necessary. On August 3, 1994, after presentment of their claim to a medical review panel in accord with state law,[2] Michael Patterson's parents, Mary Johnson Patterson and Willie Patterson, filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Dr. J.T. Hamrick and his insurer St. Paul Fire and Marine Insurance Company. (Petition for Damages, Attachment to R.Doc. 2.) Plaintiffs alleged that Dr. Hamrick committed medical malpractice by:

(a) Fail[ing] to take an adequate history and make appropriate inquiries in order to establish the mechanism of injury, force of injury and likely areas of harm.

(b) Fail[ing] to order pelvic x-ray series and CT Scan on a patient who was ejected from a rolling vehicle in a high velocity accident and violently struck his sacroiliac region on an unknown object.

(c) Fail[ing] to perform an adequate physical examination in order to assess the likelihood of injury to the pelvis, sacroiliac, lumbosacral spine and internal structure of the pelvis.

(d) *Dumping of an emergency room patient in violation of law.*

*Id.,* Paragraph XII. (Emphasis added.)

On September 12, 1994, defendants removed the suit to this Court asserting the existence of federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs moved to remand the suit to Civil District Court for the Orleans, State of Louisiana, challenging defendants' assertion of federal question jurisdiction.

---

1. As of today's ruling, the Court has not received an opposition memorandum from plaintiff.

2. LSA–R.S. 40:1299.41 *et seq.*

In an "Order and Reasons" dated April 21, 1995 (R.Doc. 17), the Court granted plaintiffs' motion to remand on the basis that it did not have subject matter jurisdiction over the case because there was no viable cause of action under federal law for patient "dumping" against Dr. Hamrick under the Consolidated Omnibus Reconciliation Act of 1986 (COBRA), specifically under COBRA's Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd.[3] Because there was no federal jurisdiction, applicable law required this Court to remand the matter. *See Buchner v. FDIC,* 981 F.2d 816, 819 (5th Cir.1993) (construing 28 U.S.C. § 1441(c)).

In the present motion, defendant agrees "that the more soundly reasoned cases in this circuit hold that no cause of action will rest against a physician who allegedly violates the Anti–Dumping Act." (Memorandum in support, p. 1, R.Doc. 18.) However, defendant contends that whenever a claim for relief is based on a federal statute, subject matter jurisdiction exists whether that claim is viable or not, relying principally on *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (1946). Defendant asks this Court to assert jurisdiction and then rule on the merits on plaintiffs' claim and/or partially dismiss the "anti-dumping" claim and remand the state-law matters to state court. Defendant also asks this Court to reconsider its previous award of costs to plaintiffs because plaintiff allegedly urged a remedy under an anti-dumping theory to the medical review panel.

### Law and Application

In *Bell v. Hood,* the Supreme Court made the following statement that guides courts to the present day in asserting jurisdiction and in distinguishing jurisdictional issues from those that call for a judgment on the merits.

Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits

and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of the law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Id.* Dr. Hamrick relies upon this language in the instant motion.

However, Dr. Hamrick neglects to note the next sentence in *Bell v. Hood,* upon which the Court's previous decision is based, although not specifically stated as such.

The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous.

*Id.* While the Supreme Court noted that "the accuracy of calling these dismissals jurisdictional has been questioned," such jurisdictional dismissals remain the present state of the law. *See, e.g., Oneida Indian Nation of New York State v. County of Oneida, N.Y.,* 414 U.S. 661, 666, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974) (issue is whether assertion is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction" of federal court); *Grinter v. Petroleum Operation Support Service,* 846 F.2d 1006, 1008 (5th Cir.1988); *New Orleans Public Service v. City of New Orleans,* 782 F.2d 1236, 1241 (5th Cir.1986), *modified on other grounds,* 798 F.2d 858 (5th Cir.1986).

In view of *Bell v. Hood* and its progeny, this Court believes that the claim allegedly made under the "Anti–Dumping Act" was insubstantial and did not confer federal question jurisdiction over this matter.[4] Indeed,

---

3. The Court refers to this statute hereinafter as the "Anti–Dumping Act."

4. As noted in the previous "Order and Reasons," plaintiffs deny they made a claim pursuant to the

even defendant agrees that plaintiff has no such claim under the statute as interpreted by numerous courts. *See, e.g., King v. Ahrens,* 16 F.3d 265, 271 (8th Cir.1994) (and cases cited therein); *Lavignette v. West Jefferson Medical Ctr.,* C.A. No. 89–5495, 1990 WL 178708, at *2 (E.D.La.1990) (Livaudais, J.).

The Court also notes an additional reason for not finding jurisdiction. In *Grinter* the Fifth Circuit stated that "[w]hether the federal claim is substantial should ordinarily be decided on the basis of the plaintiff's complaint." *Grinter,* 846 F.2d at 1008. Unlike *Grinter,* where plaintiff specifically made a nonfrivolous claim under the Federal Torts Claims Act on the face of her complaint, *id.,* plaintiffs have made no such clear allegation pursuant to the "Anti–Dumping Act" in their petition. Instead, they allege that Dr. Hamrick negligently rendered care to Michael Patterson and specifically assert that Dr. Hamrick's claim falls within the medical malpractice provisions of Louisiana state law. (Paragraphs XII and XIV, R.Doc. 1.) Therefore, the Court concludes that on the face of plaintiffs' petition, the alleged federal claim is insubstantial.

Because plaintiffs' federal claim is not substantial, this Court correctly found that there was no federal question jurisdiction upon which removal was proper and correctly remanded the case to state court.

For the foregoing reasons, the Court finds that its decision to assess costs against defendant on plaintiffs' motion to remand was also correct.

Accordingly,

IT IS ORDERED that the "Motion for Reconsideration of Order" filed by defendant Dr. J.T. Hamrick is DENIED.

"Anti–Dumping Act." (R.Doc. 17, p. 3.) Thus, the Court uses the term "allegedly" because it is defendant, not plaintiffs, who asserts that such a claim was made.