## TOSHIBA INTERNATIONAL CORP.

v.

## Roger T. FRITZ Individually, and Roger T. Fritz d/b/a Golden State Electric.

### No. Civ.A. G–97–460.

United States District Court, S.D. Texas, Galveston Division.

Feb. 12, 1998.

Paul C. Van Slyke, Liddell Sapp, et al., Houston, TX, for plaintiff.

William Donald Durkee, Arnold White and Durkee, Houston, TX, for defendant.

## ORDER GRANTING MOTION TO DISMISS

KENT, District Judge.

Plaintiff Toshiba International Corp. ("Toshiba") brings this action for a declaratory judgment that Defendant Roger T. Fritz is not entitled to indemnification from Toshiba for his liability in a related case before this Court, *Power Saving Devices, Inc. v. Efficient Industrial Control Systems, Inc.,* Civil Action No. G–94–358 (the "PSD" litigation).[1] In that case, Fritz was added individually as a defendant, and then filed a third-party

**1.** In the PSD lawsuit, the plaintiff sued Efficient Industrial Control Systems, Inc. ("EICS") for patent infringement, copyright infringement, common law trademark infringement, common law unfair competition, and federal unfair competition arising out of EICS's and Fritz's alleged unauthorized production and sale of goods which infringed PSD's patent.

complaint against Toshiba for indemnity.[2] Toshiba filed a Motion to Strike the Third Party Complaint, which was granted by this Court in an Order dated March 4, 1997. Toshiba claims that, despite the fact that Fritz's Third Party Complaint was stricken from the record in the PSD lawsuit, Fritz continues to demand indemnity from Toshiba, necessitating this action. Now before the Court is Defendant Fritz's Motion to Dismiss for Lack of Personal Jurisdiction, dated November 3, 1997. For the reasons set forth below, the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**.

## I. PERSONAL JURISDICTION STANDARD

In federal court, personal jurisdiction over a non-resident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061 (5th Cir.), *cert. denied*, 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992). The Texas long-arm statute authorizes service of process on a non-resident defendant if the defendant "does business" in Texas. TEX.CIV.PRAC. & REM.CODE ANN. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as Constitutionally permissible, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir.1993); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356–57 (Tex.1990).

Whether the exercise of personal jurisdiction over a defendant is consistent with the Due Process Clause of the United States Constitution involves a two-pronged inquiry. First, the Court must conclude that the defendant has "minimum contacts" with Texas. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must also conclude that requiring a defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see*

*also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Ruston*, 9 F.3d at 418.

The "minimum contacts" aspect of due process can be satisfied by a finding of either specific jurisdiction or general jurisdiction. *Wilson*, 20 F.3d at 647. For general personal jurisdiction, the defendant's contacts with the foreign state must be both "continuous and systematic" and "substantial." *Id.* at 647, 650–51. Specific personal jurisdiction exists over a non-resident defendant if the defendant has " 'purposefully directed' his activities at the residents of the forum, and the litigation results from alleged injuries that 'arise from or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citations omitted); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir. 1993), *cert. denied*, 510 U.S. 1044, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994).

Because the defense of personal jurisdiction is a personal right, it may be waived by consent, or the defendant may be estopped from asserting it as a defense due to actions which amount to a legal submission of jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–05, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982).

## II. ANALYSIS

Defendant Fritz argues in his Motion to Dismiss that he has absolutely no contacts with the State of Texas. Fritz is a resident of Massachusetts, the contract between Toshiba and Fritz was signed and negotiated in California, and Fritz was to perform the contract outside the State of Texas. That Fritz personally does not have sufficient "minimum contacts" with Texas appears to be undisputed. Rather, Plaintiff argues that Fritz is subject to this Court's jurisdiction over him because he waived any objections to personal jurisdiction by filing a third-party complaint against Toshiba in the PSD lawsuit. Because Fritz affirmatively sought relief by filing the third-party action, Toshiba

---

**2.** Fritz also impleaded MagnaTek, Inc., who is not a party to the instant action.

argues that "it is disingenuous that Fritz should now argue that he did not have 'adequate notice' or 'fair warning' that he may be called to appear before this Texas Court."

Toshiba cites *General Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20 (1st Cir.1991) ("Interpole") to buttress its argument that Fritz's filing of a third-party complaint waives any objections to personal jurisdiction. In *Interpole*, the First Circuit held that, by filing suit as an original plaintiff in a second action, a party waives personal jurisdiction in a prior action where the claims arise out of "the same nucleus of operative facts." *Id.* at 23. Unlike the situation in *Interpole*, however, in this case Fritz did not bring a separate, original action, but a third-party action for indemnity. And, as Fritz points out in his Reply, the Fifth Circuit has held that "the filing of a counterclaim, cross-claim, *or third-party demand* does not operate as a waiver of an objection to jurisdiction." *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987) (emphasis added); *see also Chase v. Pan–Pacific Broadcasting, Inc.*, 750 F.2d 131, 132 (D.C.Cir.1984); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 n. 1 (9th Cir.1984); *Neifeld v. Steinberg*, 438 F.2d 423, 428–29 (3d Cir.1971); *Knapp–Monarch Co. v. Dominion Elec. Corp.*, 365 F.2d 175 (7th Cir.1966); *Queen Noor, Inc. v. McGinn*, 578 F.Supp. 218, 220 (S.D.Tex.1984); *Lomanco, Inc. v. Missouri Pacific R.R. Co.*, 566 F.Supp. 846, 850–51 (E.D.Ark.1983); *Happy Mfg. Co. v. Southern Air & Hydraulics, Inc.*, 572 F.Supp. 891, 893 (N.D.Tex.1982).

Toshiba argues, in response to Fritz's invocation of *Bayou Steel*, that there are significant factual differences between that case and the case at hand. In *Bayou Steel*, the *original* plaintiff attempted to impose personal jurisdiction over foreign defendants, alleging that the foreign defendants had waived any jurisdictional defects when they filed a third-party demand in the case. *Bayou Steel*, 809 F.2d at 1148. Toshiba finds it critical that, whereas in this case the (former) third-party plaintiff is asserting waiver, it was the *original* plaintiff who asserted waiver in *Bayou Steel*. Toshiba concludes from this factual difference that, although

under the holding of *Bayou Steel* Fritz did not waive personal jurisdiction objections as to *Power Saving Devices* (plaintiff in the PSD litigation), Fritz did waive personal jurisdiction as to litigation with *Toshiba*, the party he attempted to implead.

Toshiba's argument is illogical, and flatly unsupported by the law. Further, subscription to it would defeat the policy behind the cases cited in and following *Bayou Steel*. Even a superficial analysis of Toshiba's argument reveals its flaws. First, *Bayou Steel* made no such distinction. In fact, after citing the cases which hold that jurisdictional defenses are *not* waived by the filing of a responsive pleading, the *Bayou Steel* court stated that, although those cases "deal with the filing of counterclaims, rather than third-party actions[, t]he reasoning advanced is equally appropriate in either situation." *Id.* at 1149 n. 4. The court made no distinctions based on the identity of the party asserting waiver.

Second, the concept of personal jurisdiction is not relative; it is not dependent upon the identity of the plaintiff or other party attempting to force litigation in a particular forum. The minimum contacts analysis depends solely upon Fritz's contacts with this forum, and will not waiver in reaction to Fritz's particular opponent. To hold otherwise would defeat the purpose of the substantial body of case law supporting a minimum contacts analysis and implicate serious due process concerns.

Next, Toshiba's waiver argument turns on the theory that Fritz attempted to avail himself of the benefits of this Court by filing a third-party complaint against Toshiba in the PSD litigation. In light of that theory, the view that personal jurisdiction was not waived in the *action in which Fritz sought affirmative relief*, but *was* waived as to *future* actions against him, is completely illogical. Toshiba has cited no legal authority for its absurd and legally unsound argument, and in fact, none exists.

Moreover, the opinions holding that the filing of a cross-claim, counterclaim, or third-party complaint does not otherwise waive personal jurisdiction are premised on the idea that a party should be able to simulta-

neously protest personal jurisdiction while vigorously advocating the merits of his case. *See, e.g., Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 874 (3d Cir.1944) (a defendant "is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in"). Toshiba's argument that Fritz waived personal jurisdiction because he attempted to seek indemnity from liability in the PSD litigation would defeat this purpose, and sacrifice one of Fritz's "keys to the courthouse door." Such a holding would require a party to exhaust all jurisdictional defects before addressing the merits of a claim, the very result which Fed.R.Civ.P. 12(b) was intended to reverse. *See Neifeld v. Steinberg,* 438 F.2d 423, 429 (3d Cir.1971) ("The purpose behind Rule 12(b) is to avoid the delay occasioned by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by 'special appearance.'"). Therefore, the Court finds that Fritz's filing of a third-party complaint in the PSD litigation did not waive his objections to personal jurisdiction in the instant case.

Fritz's objections to personal jurisdiction retain vitality in the PSD litigation. In that lawsuit, Fritz was sued individually as the alter ego of his corporation, EICS. The issue of EICS's liability has already been determined. The only issues remaining are the amount of damages, and whether Fritz should be considered an alter ego of EICS such that he can be held personally liable for the damages. If alter ego status is found, EICS's contacts are also Fritz's contacts, and as there is no dispute regarding personal jurisdiction of EICS, there can be no dispute that the Court also has personal jurisdiction over Fritz. Because Fritz's alter ego status has not been resolved, whether personal jurisdiction exists over Fritz is also still at issue. By an Order of this Court dated December 19, 1995, Fritz's Motion to Dismiss for lack of personal jurisdiction was deferred pending discovery on the alter ego issues.

In the instant litigation, the same analysis will apply. If the Court finds that Fritz is the alter ego of EICS in the PSD lawsuit, then this Court will have personal jurisdiction over Fritz for purposes of Toshiba's claims in this action. Therefore, whether this case can proceed in this Court depends upon the ultimate outcome of the PSD litigation. That litigation has been extremely protracted and painfully tortuous. When, if ever, the case will proceed to ultimate adjudication is in doubt. The last entry on the docket sheet occurred on March 4, 1997. Therefore, rather than stay this litigation indefinitely, the Court chooses to dismiss it, pending the outcome of the PSD litigation. Accordingly, Fritz's Motion to Dismiss Under Rule 12 is hereby temporarily **GRANTED**. Toshiba's claims are **DISMISSED WITHOUT PREJUDICE**. The parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**