**KENNEDY SHIP & REPAIR, L.P. & Chris Kennedy, Plaintiffs,**

v.

**Victor LOC TRAN, Defendant.**

**No. CIV.A. G–02–496.**

United States District Court, S.D. Texas, Galveston Division.

March 25, 2003.

Michael K Bell, Bell Ryniker et al., Houston, TX, Frank S Craig, III, Breazeale, Sachse and Wilson, Baton Rouge, LA, for plaintiffs.

Stephen A Mendel, Mendel & Gammell, James Michael Baker, Attorney at Law, Houston, TX, for defendant.

***ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TRAN'S FIRST AMENDED MOTION TO DISMISS***

KENT, District Judge.

Plaintiffs Kennedy Ship and Repair, L.P. and Chris Kennedy ("Plaintiffs") bring this action against Victor Loc Tran ("Defendant") alleging that Defendant tortiously interfered with Plaintiffs' existing contracts, attempted to extort money from Plaintiffs, and engaged in "acts of fraud by preparing documents after the fact to support a frivolous lawsuit that he filed against Kennedy Ship and Repair, L.P., in Galveston County which was recently nonsuited." Now before the Court is Tran's First Amended Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), and 12(b)(6), and the timely Response thereto. For the reasons expressed below, the Court **DENIES** Defendant's Motion to Dismiss for lack of subject matter jurisdiction and personal jurisdiction. Additionally, the Court **DENIES** Defendant's 12(b)(6) Motion as to Plaintiffs' tortious interference claim, and **GRANTS** Defendant's 12(b)(6) Motion as to Plaintiffs' fraud and extortion claims.

## I. FACTUAL INTRODUCTION

Plaintiffs entered into two separate contracts for the construction of two 105′ Steel Hulled Shrimp Trawlers (commercial fishing vessels) on February 19, 2001. The first contract was between Christopher Tran and Kennedy Ship and Repair, L.P. ("Tran Contract"). The second contract was between Chau Minh Nguyen and Kennedy Ship and Repair, L.P. ("Nguyen Contract") (Christopher Tran and Chau Nguyen will be collectively referred to as "Contractors"). Although it is not entirely clear from the record, at some point, Plaintiffs and Contractors began having disputes over the two contracts between them. Apparently, Defendant became involved in negotiating with Plaintiffs over the disputed issues between the Contractors and Plaintiffs. Defendant sent several letters to Plaintiffs on the behalf of Contractors. First, Defendant sent a letter on November 5, 2001, on "The Law Office of Peter Recchia" stationery, apparently memorializing negotiations that Defendant had with Plaintiffs over the phone concerning the Nguyen Contract. Second, Defendant sent a November 8, 2001 letter on the same stationery to Plaintiffs regarding the Nguyen Contract. Similarly, Defendant sent two nearly identical letters to Plaintiffs, on the same stationery and dates, concerning the Tran Contract. All of these letters were signed by Defendant in his individual capacity, on behalf of Contractors. Additionally, Plaintiffs have produced two other letters, written on Defendant's personal stationery, wherein he appears to have memorialized yet another negotiation on behalf of Contractors. Again, Defendant signed the letter in his individual capacity only. Plaintiffs claim to have never received the latter letters and allege that Defendant manufactured them for the basis of a lawsuit. Subsequent to writing the above letters to Plaintiffs, Defendant and the Contractors filed

suit against Plaintiffs in Galveston County Court, 122nd Judicial District. That lawsuit, which was non-suited on July 8, 2002, is the suit that serves as the basis of Plaintiffs' "fraud" claim today. In response, Plaintiffs filed four lawsuits against: (1) Chau Minh Nguyen in Texas state court over the Nguyen Contract; (2) Christopher Hoang Tran in Texas state court over the Tran Contract; (3) Tuan Van Tran, Miss Tiffany, Inc., Pleasure Island Shrimp House, Inc., and Platinum Seafood Services, Inc. in Texas state court concerning various allegations of tortious interference with Nguyen's and Tran's Contracts; and (4) this lawsuit filed on July 15, 2002. On September 16, 2002, Defendant filed his Answer. In his Answer, Defendant admitted diversity jurisdiction was appropriate, and additionally did not contest venue or personal jurisdiction. On September 25, 2002, Defendant filed a counterclaim. Subsequently, on February 11, 2002, Defendant moved to file an Amended Answer, and because Plaintiffs did not oppose such Motion, the Court granted it on February 13, 2003.

## II.  ANALYSIS

### Lack of Subject Matter Jurisdiction

▪ District courts are powerless to exercise jurisdiction in excess of the limited jurisdiction statutorily conferred upon them by Congress. *See Margin v. Sea–Land Servs., Inc.*, 812 F.2d 973, 976 (5th Cir.1987). A case is properly dismissed for lack of subject matter jurisdiction when a court lacks the statutory or constitutional power to adjudicate the case. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984). If the defendant subsequently challenges the plaintiff's stated basis for jurisdiction, the plaintiff bears the burden of establishing that jurisdiction indeed exists. *See Margin*, 812 F.2d at

976. A court's consideration of such jurisdictional disputes should, however, focus only on discerning "some discreet jurisdictional requisite," as indicated by the facts alleged in the plaintiff's complaint; the inquiry should not address the merits of a plaintiff's claim. *Green v. Ferrell*, 664 F.2d 1292, 1294 (5th Cir.1982); *see also Grinter v. Petroleum Operation Support Serv., Inc.*, 846 F.2d 1006, 1008 (5th Cir. 1988) ("Whether the federal claim is substantial should ordinarily be decided on the basis of the plaintiff's complaint.").

▪ Defendant argues that this Court does not have subject matter jurisdiction over this matter because the real parties in interest are not diverse. Plaintiffs are Texas residents and Defendant is a California resident. But, Defendant contends that he was an agent for a Nevada corporation, Pleasure Island Shrimp House, Inc. ("Pleasure Island"), when he undertook all of the actions that are the basis for this lawsuit. Defendant asserts that since he allegedly was acting on behalf of Pleasure Island, which has its principal place of business in Texas, Pleasure Island is the real party in interest. Hence, Defendant argues that this Court lacks subject matter jurisdiction because the real parties in interest are not diverse. *See Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1064 (5th Cir.1992) (explaining that a corporation has dual residences-the state of its incorporation and the state where it has its principal place of business). In support of Defendant's Motion, Defendant attached his affidavit, which stated that all of his contacts with Plaintiffs were conducted in his capacity as an officer of Pleasure Island.[1] Additionally, Defendant attaches three deposits from Plaintiffs, which have photocopies of checks made out

---

1. Additionally, Defendant attached the annual list of officers and directors for Pleasure Is-

land, which confirmed that Defendant is both secretary and treasurer for the corporation.

to Plaintiffs by Pleasure Island on behalf of Contractors.

In response, Plaintiffs point to Defendant's letters on behalf of Contractors as evidence that Defendant acted in his individual capacity, not as an agent of Pleasure Island. Every letter is signed by Defendant in either his individual capacity alone or in his individual capacity acting on behalf of Contractors. None of the letters reference Pleasure Island. Additionally, and more importantly to the Court, when Contractors and Defendant filed suit against Plaintiffs in Texas state court, Defendant did so in his individual capacity, not in his capacity of acting treasurer for Pleasure Island. Pleasure Island was not mentioned once in the Original Complaint in those proceedings. Further, Pleasure Island was not referenced in either of the Nguyen and Tran Contracts. Considering that Defendant's letters written on behalf of the Contractors and that Defendant and Contractor's lawsuit against Plaintiffs in Texas state court are the basis for Plaintiffs' claims in this Court, the Court cannot conclude that Pleasure Island, rather than Defendant, is the real party in interest in the instant matter. Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is hereby **DENIED**.

### Lack of Personal Jurisdiction

■ Plaintiffs seek to establish personal jurisdiction over Defendant under the Texas long-arm statute, which Texas construes to extend to the limits of due process. *See Wilson v. Belin,* 20 F.3d 644, 647 n. 1 (5th Cir.1994) ("The Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits."); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990). Obtaining personal jurisdiction over a non-resident of Texas is constitutionally permissible if two requirements are met: (1) "the non-resi-

dent must have 'purposefully availed himself of the benefits and protections' of Texas by establishing 'minimum contacts' with Texas such that the defendant could 'reasonably anticipate[ ] being haled into court in the forum state,'" and (2) "the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 211 (5th Cir.1999) (citing *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 777 (5th Cir.1986)).

■ Minimum contacts with a forum state may arise incident to a federal court's "general" or "specific" jurisdiction over a non-resident defendant. *See Wilson,* 20 F.3d at 647; *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990). Specific jurisdiction exists if the plaintiff can establish that the lawsuit arises out of, or relates to, the non-resident defendant's particular activity or contacts with or within the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). General jurisdiction, on the other hand, exists when a non-resident defendant's contacts with the forum state, although unrelated to the plaintiff's cause of action, are "continuous and systematic." *See id.* at 415–16, 104 S.Ct. at 1872.

In all cases, the plaintiff ultimately bears the burden of showing that the defendant is subject to personal jurisdiction in the forum state. *See Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985). However, on a motion to dismiss, the plaintiff must only set forth a *prima facie* case of personal jurisdiction-proof by a preponderance of the evidence is not required. *See id.* The Court must accept plaintiff's uncontroverted allegations as true, and resolve in plaintiff's favor all conflicts between the facts contained in the parties' affidavits and other documentation. *See Alpine View Co. v.*

*Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir.2000); *Guidry v. United States Tobacco Co.,* 188 F.3d 619, 625–26 (5th Cir.1999); *Latshaw v. Johnston,* 167 F.3d 208, 212 (5th Cir.1999).

■ Plaintiffs first argue that Defendant has waived his right to assert a lack of personal jurisdiction defense because he did not challenge personal jurisdiction in Defendant's Original Answer. *See* Fed. R.Civ.P. 12(h)(1). Defendant did waive his right by not asserting this defense in his Original Answer. However, Defendant requested leave to file his First Amended Original Answer, which the Court allowed on February 13, 2003, specifically because Plaintiffs' counsel did not oppose it. Thus, Defendant's First Amended Original Answer supercedes his Original Answer and renders the Original Answer without effect. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994).

■ After reviewing all of the evidence submitted to the Court, the Court finds that it has specific personal jurisdiction over Defendant. Defendant negotiated with Plaintiffs on behalf of the Contractors, wrote numerous letters on behalf of Contractors, and even a filed a lawsuit alleging breach of contract against Plaintiffs in Galveston County. Defendant's above contacts with Texas form the basis of Plaintiffs' claims for tortious interference and "fraud." Because the Court concludes, at least at this point, that Defendant did so in his individual capacity, *supra,* Defendant has purposefully availed himself of the benefits and protections of the state of Texas. In fact, the Court cannot think of a better textbook example of a non-resident invoking Texas's benefits and protections than a non-resident filing a lawsuit in a Texas court in his individual capacity, as the Defendant did here, and such suit now serves as the basis of Plaintiffs' claims. *See Gen. Contracting & Trading Co. v. Interpole, Inc.,* 940 F.2d 20, 23–25 (1st Cir.1991) ("[A] ruling that Trastco did not submit to the court's jurisdiction in Suit No. 1 when it instituted Suit No. 2, would produce an unjust asymmetry, allowing a party [ ] to enjoy the full benefits of access to a state's courts *qua* plaintiff, while nonetheless retaining immunity from the courts' authority *qua* defendant in respect to claims asserted by the very party it was suing . . . ."); *see also PaineWebber Inc. v. Chase Manhattan Private Bank,* 260 F.3d 453, 460 (5th Cir.2001) (explaining that unlike a case where a party merely files a cross-motion, a party purposefully avails itself of a state's benefits and protections when it is has previously "chosen to commence the action or a related action in the very forum in which it is contesting personal jurisdiction"); *Toshiba Int'l v. Fritz,* 993 F.Supp. 571, 573 (S.D.Tex.1998) (Kent, J.) (explaining that the Court could not exercise jurisdiction over a party merely because it filed a third-party complaint, stating: "Unlike the situation in *Interpole,* however, in this case Fritz did not bring a separate, original action, but a third-party action for indemnity").

■ Now the Court must determine if exercising its jurisdiction over Defendant offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). "To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a 'compelling case' against it." *Wien Air Alaska,* 195 F.3d at 215 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985)). In analyzing the "fairness" of exercising jurisdiction over a non-resident defendant, the Court balances the following factors: (1) the defendant's burden; (2) Texas's interests;

(3) the plaintiff's interest in securing relief; (4) "the judicial system's interest in efficient resolution of controversies"; and (5) "the shared interest of the several states in furthering fundamental substantive social policies." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.,* 85 F.3d 201, 207 (5th Cir.1996) (citing *Asahi,* 480 U.S. at 113, 107 S.Ct. at 1033; *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980)). Clearly, Plaintiffs have an interest in convenient and effective resolution of their claims. Additionally, Texas has an interest in providing an effective means of redress for its citizens. Although Defendant may be slightly inconvenienced, that alone is not enough to prevent this Court from exercising jurisdiction over him, especially considering that he must make a "compelling case" that extending jurisdiction over him would contravene due process. *Wien Air Alaska,* 195 F.3d at 215. For all of the above reasons, the Court determines that it must **DENY** Defendant's Motion to Dismiss for lack of personal jurisdiction.

### Failure to State a Claim

The Federal Rules of Civil Procedure authorize a district court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of the claims that would justify relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communica-*

*tions Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

The relevant portions of Plaintiffs' Complaint state the following: (1) "Defendant, Victor Loc Tran, willfully, intentionally, and with fraud and malice tortiously interfered with both of the above mentioned contracts ..." (referring to the Nguyen and Tran Contracts) and, "[a]s a result of [ ] Defendant's willful, intentional, fraudulent and malicious acts of interference with these contracts[,] Kennedy Ship and Repair, L.P. has sustained significant damages." (2) "On information and belief, Victor Loc Tran has engaged in acts of fraud by preparing documents after the fact to support a frivolous lawsuit that he filed against Kennedy Ship and Repair, L.P. in Galveston County Court[,] which was recently non-suited." and (3) "On information and belief, Victor Loc Tran has instructed unknown persons to verbally threaten Christopher Kennedy and his family to extort money from Kennedy Ship and Repair, L.P."

Defendant argues that Plaintiffs have failed to state any facts supporting their contention that Defendant interfered with Plaintiffs' existing contracts. Additionally, Defendant argues that there is no civil cause of action for extortion in Texas, and that the allegations pled do not constitute fraud. Plaintiffs argue, in their supplemental Memorandum in Opposition to Defendant's First Amended Motion to Dismiss, that the Court should treat Defendant's Motion as a motion for summary judgment because he attached evidence to it. *See* Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,

and all parties shall be given reasonable opportunity to present all material pertinent to such a motion by Rule 56.").

At the outset, the Court notes that the evidence attached to Defendant's Motion was in support of his Motion to Dismiss for lack of subject matter jurisdiction and personal jurisdiction. Thus, the relevant part of Fed.R.Civ.P. 12(b) cited by Plaintiffs is not applicable, and to the extent that the attached evidence might be relevant to Defendant's 12(b)(6) Motion, the Court excludes it for those purposes. In Texas, the four elements for a claim of tortious interference with an existing contract are: "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *See Prudential Ins. Co. v. Fin. Review Servs.*, 29 S.W.3d 74, 77–78 (Tex.2000). In the Complaint, Plaintiffs list the contracts that Defendant allegedly interfered with, allege that Defendant did interfere with such contracts, and further allege that this interference resulted in Plaintiffs sustaining significant damages. The Court finds that Plaintiffs have sufficiently plead a tortious interference cause of action, especially in light of the liberal pleadings policy of the Federal Rules. *See Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir.1988) (stating that 12(b)(6) motions should rarely be granted because the Federal Rules merely require notice pleadings).

On the other hand, Plaintiffs have failed to state a cause of action for fraud. In Texas, to prevail on a fraud cause of action, Plaintiffs must prove: (1) Defendant made a material representation; (2) it was false; (3) when Defendant made the representation he knew it was false or

he made it recklessly without any knowledge of the truth; (4) Defendant made it with the intention that it should be acted upon by Plaintiffs; (5) Plaintiffs did in fact rely upon it; and (6) Plaintiffs suffered an injury as a result. *See Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex.1998). Based upon the Complaint, if anything, Defendant made a representation to the Galveston County court that was false, not to Plaintiffs. If Defendant did defraud the state court, the appropriate remedy would have been to bring it to that court's attention or to file a motion for sanctions. Regardless of what the Plaintiffs should have done, their Complaint does not state a cause of action for fraud under Texas law.

Last, the Court finds that Plaintiffs have failed to sufficiently plead a extortion claim under Texas law. Defendant contends that Texas does not recognize a civil extortion cause of action. Plaintiffs apparently chose not to respond to Defendant's argument because they did not cite one Texas statute or case for the proposition that Texas recognizes a civil extortion cause of action, and if so, what the elements of such an action entail. After reviewing the relevant case law, it appears that the only Texas cases mentioning civil extortion are a series of cases that were brought by bail bondsmen alleging that several counties collected illegal bond processing fees.[2] *See Perkins v. Groff*, 936 S.W.2d 661, 667–68 (Tex.App.-Dallas 1996, writ denied); *Bowles v. Reed*, 913 S.W.2d 652, 658 (Tex.App.-Waco 1995, writ denied). The courts in those cases held that the "extortion" claims were really claims for unlawful conversion of personal property. *See id.* Without any authority supporting the proposition that Texas recognizes a civil cause of action for extortion, the Court is not obliged to do so now.

2. The Court did review other Texas cases and statutes concerning extortion, but the Court feels it is only necessary to discuss the small line of Texas cases that remotely discuss extortion as a possible civil cause of action.

The Court appreciates the informative and well-written briefs that it has received from Parties' counsel in this case. Although the Court thinks fondly of all counsel involved, the Court also acknowledges that counsel can occasionally get caught up looking at individual trees, and not the forest. The Court implores the Parties to consider an amicable resolution of this matter, especially considering there are three other actions in Texas state court that revolve around the same set of facts. The Court sincerely hopes that the Parties can put their animosity aside and reach a settlement, instead of pouring considerable time, effort, and money into multiple lawsuits. Turning to the merits of Defendant's Motion, the Court **DENIES** Defendant's Motion to Dismiss for lack of subject matter jurisdiction and personal jurisdiction. Additionally, the Court **DENIES** Defendant's 12(b)(6) Motion as to Plaintiffs' tortious interference claim, and **GRANTS** Defendant's 12(b)(6) Motion as to Plaintiffs' fraud and extortion claims.

**IT IS SO ORDERED**.