**HOLLAND/BLUE STREAK, A Joint Venture, Blue Streak Transportation, Inc., Plaintiff-Appellant,**

v.

**Sidney J. BARTHELEMY, as Mayor of the City of New Orleans, et al., Defendants-Appellees.**

No. 87-3078

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 22, 1988.

Gregory Gavins, President, Blue Streak Trans., Inc., New Orleans, La., for plaintiff-appellant.

Okla Jones, II, Shelley Herman Gillon, Deputy City Atty., New Orleans, La., for City of New Orleans.

Ronald P. Nabonne, New Orleans Aviation Bd., Bernard L. Charbonnet, Jr., New Orleans, La., for Aviation Bd. and Norman Francis.

Before RUBIN, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

The participants in a joint venture contend that the New Orleans Aviation Board, a state agency, rejected its bid for a public contract and awarded it to a minority-controlled corporation without justifiable cause thus making it a victim of racially-based reverse discrimination and denying it equal protection of the laws and other federally protected rights. The district court dismissed the complaint for lack of subject-matter jurisdiction. Finding that the complaint stated a claim arising under the Constitution and laws of the United States, we reverse the dismissal and remand for further proceedings.

Holland/Blue Streak is a joint venture involving Holland Industries, Inc., a corporation most of whose stockholders are white; Blue Streak Transportation, Inc., a minority business enterprise; and Caplinger Marketing, Inc., a Louisiana corporation, which appears not to be a minority enterprise. The joint venture alleges that it submitted the highest and best bid to the New Orleans Aviation Board for the ground transportation concession at the New Orleans International Airport. Holland/Blue Streak contends that, after the Concession Committee had run a background check on each bidding enterprise, it recommended to the Aviation Board that Holland/Blue Streak's bid be disqualified and that the third highest bidder, Airport Rhodes Transportation, Inc./London Livery (Airport Rhodes), be awarded the concession because Airport Rhodes was a minority business enterprise.

Holland/Blue Streak filed suit seeking declaratory and injunctive relief and damages against the Mayor of the City of New Orleans, the Chairman and members of the Board of Directors of the Aviation Board, and the President of the New Orleans City Council, contending that it had been disqualified because 60% of the venture was owned by Holland Industries, a majority white enterprise and accordingly that it was the victim of racially-based reverse discrimination in violation of 42 U.S.C. §§ 1981 and 1983 and the fourteenth amendment. Holland/Blue Streak also asserted that Airport Rhodes did not meet the required bid specifications for either separate women business enterprise participation or experience.

The district court held a hearing on whether to extend a temporary restraining order that had been granted restraining the Aviation Board from awarding the concession contract. Thereafter, on the motion of the defendants, the district court dismissed the suit finding that the complaint lacked "legal substance" and, therefore, the court lacked subject matter jurisdiction. The court stated that, in the alternative, assuming it had jurisdiction, Holland/Blue Streak's disqualification "was made on justified grounds." This finding was based on the testimony at the hearing on the motion for preliminary injunctive relief. No order was entered, and no stipulation made, that the evidence at this hearing would be considered on the merits. See Fed.R.Civ.Proc. 65.

The scope of federal subject matter jurisdiction is not coextensive with the existence of a cause of action. District courts have original jurisdiction of all civil actions arising under the Constitution or laws of the United States.[1] A federal court may have subject matter jurisdiction even though the complaint fails to state a claim for which relief can be granted. When a challenge to the district court's jurisdiction also contests the existence of a federal cause of action, "the proper procedure for

---

1. 28 U.S.C. § 1331.

the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case."[2] The question is not whether the plaintiff has a cause of action or a remedy, but whether the district court may entertain the suit. "[T]he assertion of a claim under a federal statute 'alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights.'"[3] Only if the federal statute or constitutional provision invoked is clearly immaterial and is invoked solely for the purpose of obtaining jurisdiction or if the claim is wholly insubstantial and frivolous will subject matter jurisdiction be found lacking.[4]

Holland/Blue Streak's complaint asserts a claim under sections 1981 and 1983 and the fourteenth amendment. Accordingly, Holland/Blue Streak has successfully invoked the district court's jurisdiction "unless the federal question alleged is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."[5] In this case, the federal question involved is not "immaterial" because the essential elements of Holland/Blue Streak's claims are found in the statutes and constitutional provision invoked.[6]

■ "To determine whether the second exception—that the federal question be 'wholly insubstantial and frivolous'—applies we must inquire whether the ...

claims are obviously without merit or are clearly foreclosed by the previous decisions of the United States Supreme Court."[7] Holland/Blue Streak's claims are neither obviously without merit nor clearly foreclosed by previous Supreme Court decisions. The Supreme Court held in *McDonald v. Santa Fe Trail Transportation Co.*,[8] that § 1981 will support a claim of reverse discrimination. By alleging that it was discriminated against in the awarding of the airport concession contract because it is primarily a white business enterprise and that Airport Rhodes was recommended to receive the ground transportation concession because it is primarily a minority business enterprise, Holland/Blue Streak stated a claim under § 1981. Furthermore, Holland/Blue Streak sufficiently alleged state action to invoke § 1983. Accordingly, the district court erred in dismissing the suit for lack of subject matter jurisdiction.

■ The district court also found, in the alternative, that the disqualification "was made on justified grounds." If this was a ruling on the defendants' motion to dismiss for failure to state a claim, it considered matters outside of the complaint thereby converting the motion to one for summary judgment.[9] This conversion requires notice to the parties.[10] No such notice was given to the parties here. Accordingly, the district court should not have dismissed the claim for lack of evidentiary support. If, on the other hand, the district court's alternative finding was simply a comment on

---

2. *Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1347 (5th Cir.1985); *see also Williamson v. Tucker,* 645 F.2d 404, 415–16 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

3. *Daigle,* 774 F.2d at 1348 (quoting *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 359, 79 S.Ct. 468, 473, 3 L.Ed.2d 368 (1959)).

4. *Daigle,* 774 F.2d at 1347; *Niles v. University Interscholastic League,* 715 F.2d 1027, 1029 (5th Cir.1983), *cert. denied,* 465 U.S. 1028, 104 S.Ct. 1289, 79 L.Ed.2d 691 (1981); *see generally, Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 279, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); *Bell v. Hood,* 327 U.S. 678, 681–83, 66 S.Ct. 773, 775–76, 90 L.Ed. 939 (1946).

5. *Walsh v. Louisiana High School Athletic Ass'n,* 616 F.2d 152, 156 (5th Cir.1980).

6. *Id.*

7. *Id.; see Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 342 (5th Cir.1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978).

8. 427 U.S. 273, 295–96, 96 S.Ct. 2574, 2585–86, 49 L.Ed.2d 493 (1976).

9. *See Murphy v. Inexco Oil Co.,* 611 F.2d 570, 573 (5th Cir.1980).

10. *Id.; see Estate of Smith v. Tarrant County Hospital District,* 691 F.2d 207, 208–09 (5th Cir. 1982).

**990**

the merits of Holland/Blue Streak's claim, it was not a sufficient basis for dismissal.[11] The district court had taken no evidence on the merits and had taken no steps to convert the hearing into a trial on the merits.

The attorneys for the defendant municipal officials represent to this court:

> The only defendants in this action are the Mayor, the City Council, and the Aviation Board. They are all part of the City of New Orleans ... [sic] a municipality created under the Constitution and laws of the State of Louisiana. Therefore, with regard to 28 U.S.C. 1343, this court does not have jurisdiction over plaintiffs' claims against the City of New Orleans, because 42 U.S.C. [sic] does not grant a cause of action against municipalities. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.3d 492 (1961).

> The Supreme Court made this abundantly clear in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413 [49 L.Ed.2d 276 (1976) ], federal courts have no jurisdiction, pendent or otherwise, over a municipal defendant in a Section 1983 actin [sic] because Section 1983 does not grant a federal cause of action against municipalities. Consequently, this court has no subject matter jurisdiction over defendant city of Dilworth based on 28 U.S.C. [sic] *since munici-lities cannot be sued under 42 U.S. C. 1983. Holdorson [Haldorson] v. Blair*, 449 F.Supp. 1025, 1027 ([D.Minn.] 1978) [Emphasis in original.]

The authority cited is a 1978 district court case. Patently counsel have not made the slightest effort to review judicial developments in the ensuing decade. *Monroe v. Pape* was squarely overruled ten years ago by *Monell v. Department of Social Services of the City of New York.*[12] Moreover, the City of New Orleans is not

new to the field of section 1983 liability. It has been before us in many cases in which § 1983 was held applicable to it. Thus in *Wallace v. City of New Orleans*,[13] we said: "[S]ince [*Monell*], the scope of Section 1983 liability has been extended to include local governmental bodies...." Moreover, the City of New Orleans has actually been held liable under section 1983 subsequent to the *Monell* decision.[14]

The court expects more careful and more responsible briefing from counsel, particularly those who represent a major, presumably sophisticated municipality with far-reaching experience in civil rights cases.

For these reasons, the judgment of the district court is reversed and the case remanded for further proceedings.

---

**11.** *See Simon v. City of Clute, Tex.*, 825 F.2d 940, 942–43 (5th Cir.1987).

**12.** 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**13.** 654 F.2d 1042, 1046 (5th Cir.1981).

**14.** *See, e.g., Young v. City of New Orleans*, 751 F.2d 794 (5th Cir.1985); *Thomas v. City of New Orleans*, 687 ʀ.2d 80 (5th Cir.1982).

