United States Court of Appeals,

Fifth Circuit.

No. 96-50278

Summary Calendar.

David CERVANTEZ, Plaintiff-Appellant,

v.

BEXAR COUNTY CIVIL SERVICE COMMISSION;  Bexar County, Texas, Defendants-Appellees.

Nov. 14, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This appeal requires us to determine whether the removal of this action to federal court was time barred pursuant to the thirty-day limitations period of 28 U.S.C. § 1446(b).  Because we hold that Bexar County did not timely file notice of removal in federal court, we vacate the judgment of the district court and remand to the district court with instructions to remand the case to state court.

I. Background

David Cervantez was employed by Bexar County, Texas as Director of the Bexar County Parks Department from 1985 until his termination in 1992.  In 1992, the Bexar County Commissioners Court investigated allegations made by employees against Cervantez of sexual harassment and drinking on the job.  Cervantez denied the allegations.  During the course of the investigation, it was discovered that Cervantez had been arrested and convicted for driving while intoxicated while in a Bexar County vehicle.  The investigation also uncovered other alleged mismanagement of the Parks Department.

Cervantez was fully informed of the allegations against him and was given a hearing.  Cervantez was afforded the due process required by Civil Service up to and including the procedure

used for his termination.[1] After the hearing, Cervantez was terminated as Parks Director and declined to accept an offer of employment in a lower-paying position.

In July 1993, Cervantez filed this lawsuit against Bexar County, Texas and the Bexar County Civil Service Commission (collectively "Bexar County") in state court. In response to special exceptions filed by Bexar County, Cervantez filed a First Amended Petition in state court on January 6, 1994. Cervantez alleged that he was discriminated against on the basis of sex because he was treated differently than a similarly situated female employee.[2] Cervantez also alleged that he was retaliated against for filing a charge with the Equal Employment Opportunities Commission.

Bexar County filed a motion for summary judgment in state court in June 1995. Cervantez responded to this motion in state court on July 13, 1995. Based on Cervantez's response, Bexar County removed the action to federal district court on July 19, 1995. The federal district court remanded the case to state court *sua sponte* on July 28, 1995.

On August 1, 1995, Bexar County filed a motion for reconsideration of the court's decision to remand. The federal district court denied this motion on August 3, 1995. On August 8, 1995, however, Cervantez filed an advisory to the court concerning Bexar County's motion for reconsideration in which he acknowledged his "intent to pursue federal claims." Based on this advisory, the district court issued an advisory of its own informing Bexar County that it would entertain a second notice of removal, which Bexar County promptly filed on August 18, 1995. On September 11, 1995, the federal district court denied Cervantez's motion to remand the case for the second time to state court.

Following removal, the district court referred Bexar County's pending motion for summary

---

[1] Bexar County contends that as Parks Director, Cervantez was an exempt employee who was not entitled to Civil Service protections or a Civil Service Appeal. We express no opinion about the merits of this contention.

[2] Cervantez alleged that sexual harassment complaints against female department heads were investigated in a more lenient fashion than complaints against male department heads. Specifically, Cervantez alleged that the Bexar County Community Resources Director, Aurora Sanchez-Gonzales, was also the subject of employee complaints of sexual harassment. The Bexar County Commissioners Court performed an initial investigation of the allegations against Sanchez-Gonzales. Later allegations against Sanchez-Gonzales, however, were handled by a private investigator.

judgment to a magistrate judge for the issuance of a report and recommendation. On January 23, 1996, the magistrate judge filed its report and recommendation finding that Bexar County had asserted a legitimate nondiscriminatory reason for Cervantez's discharge, this reason has not been shown to be pretextual, and that Cervantez had failed to establish a genuine issue of material fact regarding his retaliation claims. The magistrate judge, therefore, recommended that Bexar County's motion for summary judgment be granted.

On March 5, 1996, the district court accepted the report and recommendation of the magistrate judge and granted summary judgment in favor of Bexar County. Cervantez filed a motion for reconsideration on March 15, 1996. On March 18, 1996, Cervantez filed voluminous affidavits and deposition excerpts in support of his motion for reconsideration. On March 19, 1996, Cervantez filed a motion for a new trial. Cervantez's motions were denied by the district court on April 2, 1996. This appeal followed.

## II. Discussion

Cervantez argues that the removal of this action to federal court was untimely. Therefore, he urges us to vacate the district court's judgment and remand this cause with instructions that the district court remand the case to state court. "This court has jurisdiction over a denial of a motion to remand to state court when coupled with the appeal of a final judgment." *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 522 n. 1 (5th Cir.1994). "Because removal is an issue of statutory construction, we review a district court's determination of the propriety of removal de novo." *Id. (citing Garrett v. Commonwealth Mortgage Corp. of Am.,* 938 F.2d 591, 593 (5th Cir.1991)).

The timeliness of notice of removal is governed by 28 U.S.C. § 1446(b). This statute provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based
>
> ....
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

*Id.*

It is undisputed that the initial pleading filed by Cervantez did not state a federal question upon which removal could be based. Therefore, we need to determine at what point, if ever, Bexar County received "a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case [was] one which [had] become removable." *See id.* Only after this inquiry may we determine whether Bexar County timely filed notice of removal.

Cervantez argues that the requirements of 28 U.S.C. § 1446(b) were satisfied on January 6, 1994, when he filed his First Amended Petition in state court.[3] Bexar County did not file its first notice of removal until July 19, 1995, nearly eighteen months after Cervantez's First Amended Petition was filed. Cervantez, therefore, urges us to hold that Bexar County waived its right to remove the case.[4] *See Buchner v. FDIC,* 981 F.2d 816, 818 (5th Cir.1993) ("Unquestionably, a party may implicitly waive its right to remove a case by failing timely to file a notice of removal.") (citations omitted); *Courtney, II v. Benedetto,* 627 F.Supp. 523, 527 (M.D.La.1986) (noting that the requirement for timely filing a petition for removal is mandatory).

"In general, an action is removable to a federal court only if it might have been brought there originally." 14A WRIGHT, MILLER, & COOPER, *Federal Practice & Procedure* § 3721, at 189 (2d

---

[3]An affidavit signed by an attorney who had formerly represented Cervantez in this matter states that on January 6, 1994, he handed opposing counsel a copy of Cervantez's First Amended Petition. At this time, opposing counsel "immediately noticed that it contained federal claims pursuant to 42 U.S.C. § 1983. [Counsel for Cervantez] acknowledged that these federal claims were intended and further noted that State District Courts had concurrent jurisdiction with federal courts to hear such claims."

       Cervantez argues that this oral notice is sufficient to trigger the thirty-day limitations period of the statute. Because we conclude that Cervantez stated a federal claim on the face of his First Amended Petition, we need not reach this issue. *See Smith v. Bally's Holiday,* 843 F.Supp. 1451, 1454-55 (N.D.Ga.1994) (noting a split of authority regarding whether oral statements can be sufficient to satisfy the notice requirement of 28 U.S.C. § 1446(b)); *Sunburst Bank v. Summit Acceptance Corp.,* 878 F.Supp. 77, 79-82 (S.D.Miss.1995) (same).

[4]Bexar County filed its first notice of removal based on Cervantez's response to its motion for summary judgment. The district court found that this document did not state a federal question and remanded the case to state court. On appeal, neither party challenges this determination. *See New Orleans Pub. Serv., Inc. v. Majoue,* 802 F.2d 166, 167 (5th Cir.1986) ("It is beyond cavil ... that a district court's order remanding a cause to state court may not be appealed, if erroneous.") (citations omitted).

ed. 1985). Removal jurisdiction may be predicated on the existence of a claim arising under the Constitution and laws of the United States.[5] *See* 28 U.S.C. § 1441(b). Resolution of the timeliness of Bexar County's notice of removal, therefore, turns on whether Cervantez's First Amended Petition stated a federal question sufficient to create subject matter jurisdiction in the district court.

Cervantez's First Amended Petition alleged claims of gender discrimination and retaliation in violation of the common law of Texas and the Texas Commission on Human Rights Act. He also alleged that Bexar County failed to provide a civil service appeal under the Texas Local Government Code and that he was entitled to attorney's fees under the Texas Civil Practice and Remedies Code. While these claims were brought pursuant to state law, Cervantez also alleged that he was "entitled to the affirmative relief he seeks ... pursuant to ... Title 42 of the United States Code, Section 1983."

Although Cervantez did not elaborate on his theory of recovery under section 1983, his failure in this regard is not sufficient to defeat the subject matter jurisdiction of the district court. First, there is no question that section 1983 cases filed in state court may be removed to federal court because they are cases that could have originally been filed in federal court. *See, e.g., Leffall,* 28 F.3d at 524-25 (holding that the removal clock began to run when the defendants received a pleading that revealed on its face that the plaintiff was bringing a section 1983 claim). Second, this court has held that the scope of federal subject matter jurisdiction is broader than the existence of a cause of action. *Holland/Blue Streak v. Barthelemy,* 849 F.2d 987, 988 (5th Cir.1988). Therefore, even if Cervantez's pleading was insufficient to state a section 1983 claim upon which relief could be granted, it was not insufficient to create federal subject matter jurisdiction in the district court. *See Leffall,* 28 F.3d at 525-32 (dismissing the plaintiff's section 1983 claim for failure to state a claim upon which relief could be granted under FED.R.CIV.P. 12(b)(6)).

In *Holland/Blue Streak,* we explained:

> ... District Courts have original jurisdiction of all civil actions arising under the Constitution or laws of the United States. A federal court may have subject matter jurisdiction even though the complaint fails to state a claim for which relief can be granted. When a challenge to the district court's jurisdiction also contests the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists

---

[5]Neither party in this case asserts any other basis for federal jurisdiction.

and to deal with the objection as a direct attack on the merits of the plaintiff's case. The question is not whether the plaintiff has a cause of action or a remedy, but whether the district court may entertain the suit. *The assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case* and determine whether, in fact, the Act does provide the claimed rights.

849 F.2d at 988-89 (internal quotations omitted) (citations omitted) (emphasis added). *See also Grinter v. Petroleum Operation Support Serv. Inc.,* 846 F.2d 1006, 1008 (5th Cir.), *cert. denied,* 488 U.S. 969, 109 S.Ct. 498, 102 L.Ed.2d 534 (1988); *Daniel v. Ferguson,* 839 F.2d 1124, 1127-29 (5th Cir.1988); *Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1346-49 (5th Cir.1985); *In re Carter,* 618 F.2d 1093, 1102-05 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981); *Burke v. Austin Indep. Sch. Dist.,* 709 F.Supp. 120, 121-24 (W.D.Tex.1987).

We recognize that federal question jurisdiction can be defeated in rare cases when the federal claim is "clearly immaterial and is invoked solely for the purpose of obtaining jurisdiction or if the claim is wholly insubstantial and frivolous." *Holland/Blue Streak,* 849 F.2d at 989 (citations omitted). *See, e.g., Patterson v. J.T. Hamrick,* 889 F.Supp. 913, 915-16 (E.D.La.1995) (concluding that no federal question was presented by a claim based on a federal statute that did not create a private cause of action against the defendant); *Martin v. Wilkes-Barre Publishing Co.,* 567 F.Supp. 304, 307-10 (M.D.Pa.1983) (holding that federal question jurisdiction could not be exercised over a first amendment claim against a private employer). In the instant case, however, Cervantez's section 1983 claim does not approach this level of frivolity. In this regard, we note that we have on numerous occasions recognized that section 1983 and Title VII are parallel causes of action.[6] *See, e.g., Whiting v. Jackson State Univ.,* 616 F.2d 116, 121-22 (5th Cir.1980); *Hamilton v. Rodgers,* 791 F.2d 439, 442 (5th Cir.1986). While we express no opinion regarding the merits of Cervantez's substantive claims of employment discrimination, they are clearly not so futile as to satisfy the above standard.

### III. Conclusion

We conclude that Cervantez's First Amended Petition stated a federal claim on its face that

---

[6]Although Cervantez has not alleged violations of Title VII, his state-law claims under the Texas Commission on Human Rights Act are analogous. *See Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991).

was sufficient to support federal subject matter jurisdiction. As a result, this case was properly removable on January 6, 1994, when Cervantez filed his First Amended Petition in state court. Because Bexar County waited until July 19, 1995, to file its first notice of removal, we hold that notice of removal was untimely. Therefore, Bexar County waived its right to remove this case to federal court. The judgment of the district court is VACATED and this action is REMANDED to the district court with instructions to REMAND this case to state court.