Rodney Wayne RICHARD and Mary Francis Douglas Richard, Individually and a/n/f of Danielle Erica Richard, a minor, Plaintiffs,

v.

FLEETWOOD ENTERPRISES, INC., d/b/a Fleetwood Homes of Mississippi, Inc.,: United Homes, Inc., d/b/a United Mobile Homes Inc.; Ford Consumer Finance Co.; Carriage Industries, Inc.; Patrick Industries, Inc.; Georgia–Pacific Corp.; International Paper Co.; Weyerhaeuser Co.; Texas Manufactured Housing Assoc.; and William L. Ehrle, Defendants.

No. 1:97–CV–0350.

United States District Court, E.D. Texas, Beaumont Division.

March 12, 1998.

Robert S. Bennett, Eddie Michael Krenek, Bennett, Cochran & Krenek, Houston, TX, for plaintiff.

Michael S. Simpson, Small Criag & Werkenthin, Austin, TX, for defendant Fleetwood.

Marlin Randall Jones, Gregory Clayton Ulmer, McFall Sherwood & Sheehy, Houston, TX, for defendant United Homes.

Janet Douvas Chafin, Jackson & Walker, Houston, TX, for defendant Ford Consumer.

Daniel Lay Bates, Decker Jones McMackin Mcclain Hall & Bates, Fort Worth, TX, for defendant Texas Manufactured Housing & Ehrle.

Susan Sparks Usery, Kilpatrick & White, Houston, TX, for defendant Carriage Industries.

W. Wilson Randall, Susman Godfrey, Houston, TX, for defendant Georgia Pacific.

James Edward Maloney, Jennifer Mary Smith, Baker & Botts, Houston, TX, for defendant International Paper.

Ryan Andrew Beason, John Logan Engvall Jr., Funderburk & Funderburk, Houston, TX, for defendant Pactrick Industries.

Arno W. Krebs Jr., Fulbright & Jaworski, Houston, TX, for defendant Temple–Eastex.

James Hollis Barker, Giessel Barker & Lyman, Houston, TX, for defendant Weyerhauser.

George Noelke, Austin, TX, for defendant Texas Dept. of Housing.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is Plaintiffs' Motion for Remand and Sanctions, filed by Mr. and Mrs. Richard. Plaintiffs claim that they became sick from the allegedly excessive formaldehyde content of the Fleetwood mobile home that they purchased from defendant United Mobile Homes. Plaintiffs filed suit in the 60th Judicial District in the District Court of Jefferson County, Texas, alleging strict liability, gross negligence, breach of warranties, and a civil conspiracy. Plaintiffs sought to recover damages and asked for an injunction pursuant to the NATIONAL MANUFACTURED HOUSING CONSTRUCTION AND SAFETY STANDARDS ACT, 42 U.S.C. § 5401, *et seq.* ("the Act"). Defendants removed the case from state court to this court on the grounds that the prayer for an injunction arose out of a federal statute and because the common law claims relied on a violation of federal regulations as a factor to impose liability. Plaintiffs have agreed to dismiss the request for an injunction and have moved to remand the case to state court.

The Motion for Remand is DENIED IN PART and GRANTED IN PART.

### I. FACTUAL BACKGROUND

On or about November 27, 1991, Mr. and Mrs. Richard purchased a Fleetwood mobile home from United Mobile Homes. The 1991 Fleetwood mobile home was designed and manufactured by defendant Fleetwood. Plaintiffs allege that particleboard, paneling, and other materials used in the manufacture of the home, which were supplied by Defendants Carriage, Georgia–Pacific, International Paper, Patrick Industries, and Weyerhaeuser, contained excessive levels of formaldehyde. Plaintiffs further allege that after moving into the mobile home, they began experiencing allergic symptoms, hoarseness, upper respiratory infections, severe headaches, shortness of breath, and breathing difficulties.

The Richards filed suit in Texas state court alleging the seller of the mobile home, the manufacturer of the mobile home, and the various manufacturers of the components of the mobile home were strictly liable and grossly negligent in the design and manufacture of the home because the formaldehyde content in the home's components exceeded federal regulations. Plaintiffs also alleged a civil conspiracy between the seller and the manufacturers of the home and its components and the Texas Manufactured Housing Association to withhold information from Plaintiffs about the dangers of formaldehyde exposure and to mislead Plaintiffs into believing that the mobile home was fit for occupancy. Finally, pursuant to 42 U.S.C. § 5412, Plaintiffs sought to enjoin the sellers and manufacturers from designing and selling unfit homes and from conspiring to withhold information and mislead consumers.

On June 26, 1997, Defendants filed a Notice of Removal to this court alleging federal question jurisdiction based on the federal injunction and Plaintiffs' reliance on the federal formaldehyde standard as a factor in the

negligence and strict liability claims. Plaintiffs, in turn, have filed this Motion to Remand, agreeing to dismiss the request for an injunction and alleging that the mere inclusion of a federal standard does not vest this court with federal question jurisdiction.

## II. ANALYSIS

■ In order to have removal jurisdiction, this court must first have original subject matter jurisdiction over the alleged cause of action. 28 U.S.C. § 1441; *Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922, 924 (5th Cir.1997). This court can exercise original jurisdiction in two ways. First, it can exercise diversity jurisdiction, pursuant to 28 U.S.C. § 1332, over cases in which the amount in controversy is greater than $75,000 and complete diversity exists between all the plaintiffs and all the defendants. Second, this court can exercise federal question jurisdiction over claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1331. The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921–22 (5th Cir.1997).

### A.

This court does not have diversity jurisdiction over this case because complete diversity of citizenship between Plaintiffs and Defendants does not exist. *See Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Plaintiffs Rodney Wayne Richard and Mary Francis Douglas Richard are Texas residents. Defendants William L. Ehrle and the Texas Manufactured Housing Association also are Texas residents. Therefore, diversity is absent. Thus, unless this court has federal question jurisdiction, removal was improper and the case must be remanded.

### B.

■ For a federal court to enjoy federal question jurisdiction, a cause of action must arise under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1331; *Frank, supra,* at 922. A federal court may find that a plaintiff's claim arises under federal law even though the claim was not char-

acterized as a federal claim. *Frank, supra,* at 922. "Federal question jurisdiction under section 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial federal question." *Id.*

Defendants raise the following arguments in favor of this court finding federal question jurisdiction: 1) that Plaintiffs sought relief from a federally-created remedy, in the form of an injunction, which arises under the federal statute; 2) Plaintiffs' conspiracy claim states a federal cause of action; 3) Plaintiffs' right to relief necessarily depends on the resolution of a substantial federal question; 4) the federal statute preempts state causes of action; and 5) the mere invocation of a federal cause of action vests the court with jurisdiction.

### 1. *No Federally Created Causes of Action*

Plaintiffs' complaint alleges claims of strict liability, negligence, gross negligence, civil conspiracy, common law fraud, violations of the Texas Deceptive Trade Practices Act, intentional infliction of emotional distress, negligent misrepresentation, constructive fraud, trespass to realty, misrepresentation, and a breach of warranties. Interspersed throughout the facts supporting the common law claims are the allegations that Defendants violated and conspired to violate 42 U.S.C. § 5401 *et seq.* and the related regulations. The complaint also seeks an injunction pursuant to 42 U.S.C. § 5411. Plaintiffs have agreed, however, to dismiss the injunction claim.

■ Plaintiffs have not invoked any expressly created federal cause of action. "'Federal question' jurisdiction ultimately depends on Congress's intent as manifested by the federal statute creating the cause of action." *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507 (5th Cir.1997). While the Act establishes a system for ensuring the safety and quality of manufactured homes and gives the Secretary of Housing and Urban Development, the Attorney General of the United States, appropriate United States

attorneys, and distributors and dealers of mobile homes some remedies and powers, the Act does not create a private cause of action for injured purchasers. *See* 42 U.S.C. §§ 5411(a), 5412(b).

Under the Act, injunctive relief is available under two circumstances. First, injunctive relief is available "upon petition by the appropriate United States attorney or the Attorney General on behalf of the United States." 42 U.S.C. § 5411(a). Second, "[i]f any manufacturer fails to comply with the requirements of [the Act], then the *distributor or dealer*, as the case may be, to whom such manufactured home has been sold may bring an action seeking a court injunction compelling compliance with such requirements on the part of such manufacturer." 42 U.S.C. § 5412(b) (emphasis added). The Act, however, never creates a cause of action for *private purchasers*. In fact, the Act is absolutely silent as to the rights of the private purchaser except for two instances. Section 5409(c) provides: "Compliance with any Federal manufactured home construction or safety standard issue under this chapter does not exempt any person from any liability under common law." Section 5414(g) of the Act provides: "Nothing in this section shall limit the rights of the purchaser or any other person under any contract or applicable law."

Applying the doctrine of statutory construction, *expressio unius est exclusio alterius*, it is clear that Congress did not intend to create a private cause of action for purchasers. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The expression of remedies for distributors, dealers, the Attorney General, and appropriate United States Attorneys indicates an intention to exclude a remedy for private purchasers, whom Congress could have easily listed had it intended to create a private right of action.

Therefore, even if the complaint is read as it existed at the time of removal—i.e., before Plaintiffs agreed to dismiss the request for an injunction—Plaintiffs have not invoked any federally created cause of action. This court cannot issue an injunction pursuant to section 5411 without a petition from the appropriate United States attorney and Plaintiffs have no other federal remedy under the Act.

### 2. No Implied Private Cause of Action

While neither party expressly urged this court to consider whether an implied private right of action is afforded by the Manufactured Housing Act, implicit in the argument that Plaintiffs sought relief from a federally created cause of action is the question of whether an implied cause of action was invoked. The factors to be considered in this regard were delineated by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975):(1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) whether there is an indication of legislative intent to create or deny such remedy; (3) whether such a remedy would be inconsistent with the underlying legislative purpose; and (4) whether the cause of action is one traditionally relegated to state law. In determining whether an implied private right of action exists, the primary objective is to discern whether Congress intended to create one. *Till v. Unifirst Federal S & L Assoc.*, 653 F.2d 152, 157 (5th Cir.1981).

Applying the *Cort* factors to the facts of our case, it is clear that no implied cause of action exists. Only the first factor weighs in favor of an implied private cause of action. A strong argument can be made that private purchasers were the intended beneficiaries of the Manufactured Housing Act. The Congressional declaration of purposes, section 5401 of the Act, provides that the purpose of the statute is "to reduce the number of personal injuries and deaths and the amount of insurance costs and property damage resulting from manufactured home accidents and to improve the quality and durability of manufactured homes." The reduction in personal injuries, deaths, and property damage would most directly benefit the private purchasers of the mobile homes. But this is the only factor that weighs in favor of finding an implied cause of action.

The second factor, whether there is an indication of legislative intent to create or

deny such remedy, is not met. Reading the statute carefully, no intent to create such a remedy exists. The statute clearly defines the different parties involved in a mobile home purchase. "Dealers" and "distributors" are defined separately and distinctly from "purchasers". 42 U.S.C. § 5402. The statute expressly gives dealers and distributors a remedy against a manufacturer for a mobile home which does not comply with federal regulations. 42 U.S.C. § 5412. The statute also authorizes federal courts to enter injunctions to restrain violations of the Act upon petition by the appropriate United States attorney or the Attorney General. 42 U.S.C. § 5411. Despite Congress's explicit grant of remedies to other parties, the Act does not provide a remedy for purchasers. Furthermore, the Act provides that purchasers have remedies at common law. 42 U.S.C. §§ 5409(c), 5414(g)(2). Therefore, the statute is devoid of Congressional intent to create a private cause of action.

The third factor also weighs in favor of a finding that no implied cause of action exists. Congress's purported reason for enacting the Manufactured Housing Act was to "reduce the number of personal injuries and deaths and the amount of insurance costs and property damage resulting from manufactured home accidents." 42 U.S.C. § 5401. Implicit in a plan to reduce the number of injuries, property damage, and costs resulting from manufactured housing accidents is the prevention of those accidents. Accordingly, only remedies that affirmatively prevent accidents can be considered consistent with the purpose of the Act. Allowing dealers and distributors to sue to compel compliance with federal regulations before the mobile homes are placed in a position to injure an unknowing purchaser comports with the policy to reduce the potential harm from accidents. The same can be said for allowing the Attorney General or appropriate United States Attorneys to restrain violations of the Act before the homes reach the potential victims. Giving private purchasers a retrospective remedy does not help prevent accidents nor reduce the injuries, damage, and cost resulting from the accidents. In light of the availability of common law remedies for private purchasers and Congress's intent to affirma-

tively prevent the results of mobile home accidents, it is clear that a federal private remedy for each injured purchaser would not be consistent with the goal of avoiding those injuries from the outset.

Finally, the fourth factor, whether the cause of action is one traditionally relegated to state law, weighs heavily in favor of a finding by this court that there is no implied cause of action. Damage awards and injunctions related to product liability and negligence claims have traditionally been relegated to state law.

Because the balance of the factors weigh heavily in favor of a finding that no implied cause of action exists for private purchasers, this court finds that it does not have jurisdiction based on any implied federal cause of action.

### 3. No Federal Conspiracy Claim

■ Defendants allege that this court has federal question jurisdiction because Plaintiffs alleged a federal conspiracy. Particularly, Defendants claim that, by alleging a conspiracy to violate the Manufactured Home Act in the paragraphs under the heading "Facts" of the Plaintiffs' Fifth Amended Complaint, Plaintiffs have raised an issue for which the sole basis of relief requires the resolution of a federal question. For that proposition, Defendants rely on *Gaming Corp. Of America v. Dorsey & Whitney*, 88 F.3d 536 (8th Cir.1996).

In *Gaming Corp.*, the Eighth Circuit held that where a plaintiff raised a violation of a federal statute as the sole basis of a conspiracy count in a complaint, the federal district court had federal question jurisdiction over the case and thus remand was inappropriate. 88 F.3d at 551. That case, however, is clearly distinguishable for two reasons from the cause at hand.

First, in *Gaming Corp.*, the plaintiff alleged the conspiracy in one of the actual counts of the complaint. *Id.* at 550. Therefore, plaintiff made the question of a conspiracy based on the violation of a federal statute a primary issue to be tried. In the present case, none of the actual counts of the complaint allege a conspiracy to violate a federal

law. Only in the Plaintiffs' sloppily worded fact section of the amended complaint does an allegation arise of a conspiracy to violate a federal law. Although Plaintiffs incorporate by reference the allegations of the preceding paragraphs, such an allegation is not explicitly present in any of the thirteen enumerated causes of action to be tried, including Count 3 which is specifically labeled "Civil Conspiracy".

Furthermore, in *Gaming Corp.*, the court held that when a violation of a federal statute was the *sole* basis for the conspiracy, then the federal court abused its discretion in remanding the case. *Id.* at 551. In the present case, Plaintiffs alleged numerous state grounds for the conspiracy. The violation of the federal statute was merely a factor in the civil conspiracy cause of action. In fact, in the actual count of the complaint which addresses the civil conspiracy, "*Third Cause of Action* (Civil Conspiracy)", only traditional common law violations are expressly alleged as the basis of the conspiracy. A violation of a federal statute was neither the sole basis for the alleged conspiracy claim, nor an important basis.

Therefore, this court does not have federal question jurisdiction based on the conspiracy claim.

### 4. Relief Does Not Necessarily Depend on Resolution of a Substantial Federal Question

■ Defendants contend that relief depends on the resolution of a substantial federal question. Plaintiffs contend that relief does not depend on the resolution of a substantial federal question, but only on the application of an undisputed federal standard.

The United States Supreme Court, in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), addressed the issue of what constitutes a "substantial" federal question in light of the fact that Congress did not manifest an intent to create a private federal cause of action in the particular statute at issue. The Court in *Merrell Dow* held:

We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

*Id.* at 814, 106 S.Ct. 3229. Similarly, Congress's determination for the Manufactured Home Standards Act that only dealers, distributors, the United States Attorney General, and appropriate United States Attorneys have a federal injunctive remedy is tantamount to the congressional conclusion that a claimed violation of this Act by a private purchaser as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

Defendants rely on a Texas State Court of Appeals case for the policy argument that a federal district court should review claimed violations of the Act to insure that state courts will not use a formaldehyde standard different from the one established by the federal government. In *Macmillan v. Redman Homes, Inc.*, 818 S.W.2d 87 (Tex.Ct.App.1991), the plaintiff sought to use an "ambient air" standard rather than the "content-based" standard prescribed by federal regulations. Therefore, the court held that a federal question existed which preempted the underlying state common law cause of action. *Id.* at 94–95. The court noted the danger of a state court ratifying a standard which directly conflicts with the federal standard, in spite of express language in the statute that no state has authority to create a different standard. *Id.* at 95. Based on *Macmillan*, Defendants claim that this court has jurisdiction and that the state causes of action are preempted.

Defendants' logic fails in two respects. First, as the Texas Supreme Court noted in *Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664 (Tex.1996), only where an essential issue in the cause of action raises a conflict with the federal formaldehyde standard is there a substantial federal question. In *Macmillan*, the complaint asserted that the ambient air standard should be the standard used in the case. *Macmillan*, supra, at 94. In our case,

no issue was made regarding the proper formaldehyde standard in Plaintiffs' well-pleaded complaint. Plaintiffs merely allege as proof of negligence that the federal standard was violated. They never suggest that a different standard should be applied.

Second, as the United States Supreme Court noted in *Merrell Dow,* the danger of a state court ratifying a standard which conflicts with the federal standard is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of action, the Supreme Court retains power to review the decision of a federal issue in a state cause of action. *Merrell Dow, supra,* at 816, 106 S.Ct. 3229. Accordingly, there is little threat to the uniformity of interpretation of the Manufactured Homes Act or the integrity of the congressional intent behind the Act.

Therefore, Plaintiffs' well-pleaded complaint did not raise a substantial federal question regarding the proper formaldehyde standard.

### 5. No Federal Preemption

■ Defendants claim that the Manufactured Homes Act preempts state causes of action. Federal law preempts state causes of action in three circumstances. *English v. General Electric Co.,* 496 U.S. 72, 78–79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). First, federal preemption exists when the law contains explicit statutory language manifesting congressional intent to preempt state law. *Id.* Second, state law is preempted where it regulates conduct in a field that Congress intended the federal government to occupy exclusively. *Id.* at 79, 110 S.Ct. 2270. Finally, state law is preempted to the extent that it actually conflicts with federal law. *Id.* Moreover, the doctrine of federal preemption works against all forms of state law, including jurisdiction over state causes of action. *See Medtronic, Inc. v. Lohr,* 518 U.S. 470, 116 S.Ct. 2240, 2250, 135 L.Ed.2d 700 (1996).

■ The Manufactured Housing Act does not explicitly preempt state causes of action. In fact, section 5409(c) provides: "Compliance with any Federal manufactured home construction or safety standard issued under this chapter does not exempt any person from any liability under common law." Clearly, the congressional intent behind the Act was not to preclude common law suits.

■ Second, there is no clear or manifest congressional intent for the federal regulation of the safety and sale of manufactured housing to completely occupy the field. Because the fields of products liability and negligence are traditionally occupied by state law, the congressional intent that federal law occupy the entire fields must be clear or manifest. *English, supra,* at 79, 110 S.Ct. 2270. In the Manufactured Housing Act, the only manifestation of congressional intent regarding conflicts with state law is that the standards in the Act are supreme over any standard that state law may impose. *See* 42 U.S.C. § 5403(d). The Act permits states to enact similar standards and expressly provides that common law liability can attach in spite of compliance with the federal standards. 42 U.S.C. §§ 5403(d), 5409(c). Accordingly, there is no clear manifestation of congressional intent to preempt state causes of action. This is particularly obvious in light of Congress's failure to provide a federal private cause of action for harmed purchasers.

Finally, unlike the situation in *Macmillan v. Redman Homes,* where the plaintiff was asking the court to ratify a formaldehyde standard which could have conflicted with the federal law, no such issue exists in this case. Here, Plaintiffs merely assert that the violation of the well-established federal standard serves as part of the relevant evidence of negligent conduct. No direct conflict exists, and, therefore, the state cause of action is not preempted.

Because the facts in this case do not fit any of the three circumstances proscribed by the Supreme Court for federal preemption, Plaintiffs' state claims are not preempted.

### 6. Jurisdiction Based on the Mere Invocation of a Federal Statute

■ Finally, Defendants attempt to establish the existence of federal question jurisdiction by contending that, where a party has asserted a right to relief *directly* under

federal law, the actual existence of a federal cause of action is immaterial to federal subject matter jurisdiction. Defendants distinguish the facts of this case from the holding in *Merrell Dow.* In *Merrell Dow,* the Supreme Court held that, "a complaint alleging a violation of a federal statute *as an element of a state cause of action,* when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" 478 U.S. at 817, 106 S.Ct. 3229 (emphasis added). Defendants urge that Plaintiffs in this case have not only alleged a violation of a federal statute as an element of a state cause of action, but they also asserted a right to relief directly under federal law—to wit, an injunction under 42 U.S.C. § 5412.

The Fifth Circuit has held: "When a challenge to the district's jurisdiction also contests the existence of a federal cause of action, 'the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.'" *Holland/Blue Streak v. Barthelemy,* 849 F.2d 987, 988–89 (5th Cir.1988).[1] Additionally, in a footnote to *Till v. Unifirst Federal S & L Ass'n,* 653 F.2d 152, 155 (5th Cir.1981), the Fifth Circuit noted that, when a plaintiff asserts that a private right of action exists under a federal law, the court has jurisdiction to determine whether such a remedy exists.

Defendants urge this court to find that jurisdiction exists based on Plaintiffs' request for an injunction. Although, Plaintiffs have agreed to dismiss the injunction, they did so only after the case was removed to federal court. Therefore, pursuant to Fifth Circuit precedent, we note probable federal question jurisdiction over the issue of whether an injunction under 42 U.S.C. § 5412 is appropriate.

## III. CONCLUSION

■■■ This court concludes that it has jurisdiction over the injunction claim. Furthermore, as has been noted above, this court concludes that there is no other ground to assert federal question jurisdiction over any other claim in this cause of action, except through supplemental jurisdiction. *See* 28 U.S.C. § 1441(c). Additionally, as Congress has implicitly refused to create a private, federal cause of action for purchasers under this Act and as these type of claims are traditionally governed by state common law, this court concludes that the remaining twelve claims would be handled best in state court.

Therefore, this court notes probable federal jurisdiction with regard to Count 13 of the Fifth Amended Complaint, the request for the injunction under 42 U.S.C. § 5412. This court also severs all remaining counts of the Fifth Amended Complaint, pursuant to the discretion granted this court in 28 U.S.C. § 1441(c), and remands those counts to the 60th Judicial District in the District Court of Jefferson County, Texas, because State law predominates in determining those matters. Furthermore, this court notes that, as mentioned previously, section 5412 of the Act does not give private purchasers an injunctive remedy. Based on that finding and Plaintiffs' agreement to dismiss Count 13 of the Fifth Amended Complaint, Count 13 is dismissed. Finally, there is no basis for sanctions to be imposed based on Defendants' removal of the case and none will be imposed.

It, therefore, is ORDERED, ADJUDGED, and DECREED that Plaintiffs' Motion for

---

1. In *Holland/Blue Streak,* the Fifth Circuit recognized two exceptions to this rule. The second exception, which potentially could be applicable to this case, is that the mere assertion of a claim under a federal statute does not vest this court with federal question jurisdiction if the claim is wholly insubstantial and frivolous as being obviously without merit. 849 F.2d at 989. The Court of Appeals has restated the test as, "If there is any foundation of plausibility to the claim federal jurisdiction exists." *Southpark Square Ltd. v. City of Jackson,* 565 F.2d 338, 342–43 (5th Cir.1977). This court could easily find that Plaintiff's request for an injunction was not based on a foundation of plausibility and was obviously without merit because the statute clearly does not include purchasers among those able to request an injunction. However, because an alternative manner with which to deal with this claim is available, this court will not address the *Holland/Blue Streak* exception.

Remand is hereby DENIED IN PART and GRANTED IN PART.