United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 02-30777
(Summary Calendar)

—————————

CHRISTOPHER VAN WAY, Individually;
J. P. OIL COMPANY, INC.,

Plaintiffs-Appellants,

versus

CITY-PARISH COUNCIL OF LAFAYETTE;
CONSOLIDATED GOVERNMENT OF LAFAYETTE,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 02-CV-458

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Christopher Van Way and J.P. Oil Company, Inc. (collectively, "Van Way") appeal the district

court's dismissal of their suit challenging a noise control ordinance enacted by the Lafayette City-

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Parish Council and enforced by the Consolidated Government of Lafayette (collectively, "Lafayette"). Lafayette City-Parish Council Ordinance No. O-204-2000 ("the ordinance") prohibits noise above specific sound levels created by the operation of "any source of sound on any source property," including "[r]ecreational and entertainment property used for human habitation." This dispute arises out of fines received by Van Way for excessive noise created by his family's use of off-road motorcycles on land adjoining his, and at least one other, residence. The land is owned by J.P. Oil Company, of which Van Way is the President and a shareholder.

Although the district court did not state its reasons for granting the motion to dismiss, "we are not restricted to ruling on the district court's reasoning, and may affirm a district court's grant of a motion to dismiss on a basis not mentioned in the district court's opinion." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002) (internal quotation marks and citation omitted). We conclude that the dismissal was proper for lack of subject matter jurisdiction because Van Way's federal claims are "clearly immaterial and [are] invoked solely for the purpose of obtaining jurisdiction or [are] wholly insubstantial and frivolous." *Cervantez v. Bexar County Civil Serv. Com'n*, 99 F.3d 730, 733 (5th Cir. 1996) (internal quotation marks omitted).

Van Way first argues that the ordinance constitutes a regulatory taking because it deprives him of the use and enjoyment of the land and the motorcycles. As Van Way does not assert that either the land or the motorcycles would lose all economically viable use as a result of the ordinance, this claim is wholly insubstantial and frivolous. *See Matagorda County v. Russell Law*, 19 F.3d 215, 223 (5th Cir. 1994) ("In order for regulatory action to rise to the level of an unconstitutional taking, there must be a complete deprivation of the owner's economically viable use of his property.").

Van Way next argues that the ordinance is unconstitutionally vague because it does not give

fair warning of the prohibited conduct.  A civil statute generally does not violate due process unless it is vague "not in the sense that it requires a person to conform to an imprecise, but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 508 (5th Cir. 2001) (internal quotation marks omitted).  Because the ordinance sets specific limits on noise emanating from residential property, Van Way's vagueness challenge is immaterial and made solely for the purpose of obtaining federal jurisdiction to challenge the enforcement of a local regulation.

Finally, Van Way contends that 42 U.S.C. § 4905 preempts state and local regulation of noise emitted by off-road motorcycles.  Contrary to Van Way's assertion, § 4905 specifically provides for local regulation of the operation of these vehicles for the purpose of environmental noise control. *See* 42 U.S.C. § 4905(e)(2) ("[N]othing in this section precludes or denies the right of any State or political subdivision thereof to establish and enforce controls on environmental noise . . . through the licensing, regulation, or restriction of the use, operation, or movement of any product or combination of products.").  This claim is wholly insubstantial and frivolous.

Accordingly, we AFFIRM the judgment of the district court.