United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21020
Conference Calendar

_____

KENNARD LAZENBY,

Plaintiff-Appellant,

versus

LEXUS OF CLEAR LAKE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1917
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Kennard Lazenby appeals the district court's dismissal of his action for lack of subject matter jurisdiction. Our review is de novo. See Robinson v. TCI/US West Communications Inc., 117 F.3d 900, 904 (5th Cir. 1997).

Lazenby argues that the district court erred in dismissing his action. He cites to numerous federal provisions and asserts, with minimal argument, that subject matter jurisdiction exists under 28 U.S.C. § 1331.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After reviewing the briefs and Lazenby's amended complaint, we have determined that the provisions cited by Lazenby do not supply subject matter jurisdiction because each is "clearly immaterial and is invoked solely for the purpose of obtaining jurisdiction." Holland/Blue Streak v. Barthelemy, 849 F.2d 987, 989 (5th Cir. 1988). Jurisdiction is also lacking because claims under the provisions cited by Lazenby would be "wholly insubstantial and frivolous." Id.

The judgment of the district court is AFFIRMED.